UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONSO AYON-NUNEZ,<br><br>Defendant. | No. 1:16-CR-00130-DAD<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)<br><br>(Doc. No. 56) |

On August 5, 2019, defendant Nunez filed both a pro se motion seeking a reduction of his sentence and compassionate release from confinement pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A) as well as a motion for appointment of counsel. (Doc. Nos. 56, 57.) On September 5, 2019, the court appointed the Federal Defender's Office ("FDO") to represent defendant in conjunction with his motion. Following the granting of an extension of time (Doc. No. 61), on December 23, 2019, the FDO filed a supplement memorandum in support of defendant's pro se motion. (Doc. No. 62.) The government's response, if any, to the FDO's filing was due fourteen days later, but no such response was filed. For the reasons explained below, defendant's motion will be denied without prejudice.

/////

/////

1

**BACKGROUND**

On August 16, 2016, an indictment was returned charging defendant Ayon Nunez in three counts with possession with the intent to distribute and distribution of 50 grams of actual methamphetamine or 500 grams of a mixture containing a detectable amount of methamphetamine and 1 kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1). (ECF No. 8.) On June 11, 2018, the defendant entered pleas of guilty to Counts 1 and 2 of the indictment. (ECF No. 24 & 35.)[1] On April 1, 2019, pursuant to his pleas of guilty, the court varied significantly downward from the advisory sentencing guideline range of 210 to 262 months of imprisonment and instead sentenced defendant to the mandatory minimum term of 120 months on each count with those sentences to run concurrently, followed by concurrent terms of supervised release of 60 months. (ECF No. 54, 55.)

According to defendant's counsel, he is serving his sentence at the Giles W. Dalby Correctional Institution, a private prison located in Post, Texas that contracts with the Federal Bureau of Prisons and his projected release date is February 16, 2025. (ECF No. 62 at 2–3.) Defendant's counsel is unaware of whether he has requested compassionate release from the warden at that institution or, if he did, whether the warden has responded to the request. In his original pro se filing defendant moved for compassionate release on the grounds that he was 68 years old, had been convicted of a non-violent drug offense, and was suffering from numerous "severly (sic) debilitating and irreversible conditions that warrant treatment not available at the private facility" at which he is currently incarcerated. (ECF No. 56 at 1.) Following the appointment of the FDO, defendant's counsel has noted defendant's claim of suffering from serious medical conditions that are not being adequately treated. (ECF No. 62 at 3.) Counsel has obtained defendant's records from that institution and points out that they reflect an observation by medical staff of swelling in defendant's left knee that limits his range of motion, their

---

[1] Thereafter, but prior to the defendant's sentencing, and pursuant to the joint request of the parties, the defendant was committed to the custody of the Attorney General for examination to assist in a determination of his competency. (ECF No. 25, 27.) Following its review of the psychiatric report prepared by the Bureau of Prisons (ECF No. 31), the court determined that the defendant was competent to proceed pursuant to 18 U.S.C. § 4241(d). (ECF No. 33.)

assignment of plaintiff to a lower bunk, the placement of a lifting limitation of 20 lbs. on defendant and a diagnosis that he is suffering with anxiety. (*Id*.) Based upon this showing defendant's counsel argues that the court should grant him compassionate release and reduce his sentence to one of time served. (*Id*. at 4.) For the reasons explained below, the court finds defendant's arguments to be unsupported and unpersuasive.

**ANALYSIS**

I. Eligibility for Compassionate Release

  Federal courts may now modify an imposed term of imprisonment for two reasons: (1) compassionate release under 18 U.S.C. § 3582(c)(1); or (2) based on a change in the advisory sentencing guidelines under 18 U.S.C. § 3582(c)(2). Previously, motions for compassionate release could only be brought to the court by the Director of the U.S. Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). In December 2018, however, Congress passed the First Step Act and it permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018); *see also United States v. Eidson*, Nos. 88-cr-00021-SI and 17cr-00490 SI, 2019 WL 3767570, at *1, n.2 (N.D. Cal. Aug. 9, 2019).[2] A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and is determined not to pose a danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility provision, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

---

[2] As noted, the government has not responded to defendant's motion. Nonetheless, it appears that defendant has likely not exhausted his administrative remedies through the U.S. Bureau of Prisons and his counsel does not contend otherwise, stating only that counsel is unaware of whether he has. *See United States v. Weidenhamer*, No. CR016-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Az. Nov. 8, 2019) ("Courts have recognized these two options [filing a motion after full exhaustion or upon the lapse of 30 days from the warden's receipt of the request] impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court.")

3

Under the guidelines, courts are to consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and should not grant a sentence reduction if the defendant poses a danger to the community, as defined in the Bail Reform Act. *See* U.S.S.G. § 1B1.13.

II. Extraordinary and Compelling Reasons

Here, defendant Ayon Nunez clearly does not qualify under the second eligibility provision of § 3582(c)(1)(A) and therefore moves for compassionate release only based upon his assertion that "extraordinary and compelling reasons" justify a sentence reduction in his case. (ECF Nos. 56 & 62.) Although the First Step Act does not define "extraordinary and compelling reasons" in this regard, it does point courts to the sentencing commission's policy statements when deciding whether compassionate release should be granted. 18 U.S.C. § 3582(c)(1)(A). Under the guideline commentary, medical conditions qualify as "extraordinary and compelling reasons" only when they "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, Application Note 1 (listing other situations that may qualify, such as being 65 years old and experiencing serious deterioration in health due to the aging process after serving at least 10 years or 75% of a term of imprisonment; family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; and other reasons that in combination with listed circumstances are extraordinary and compelling); *see also United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) ("[C]ourts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction.").

Here, in his pro se pleading, defendant merely claims in conclusory fashion that he suffers from a number of medical conditions, including severe back injuries and epilepsy[3], that are not being adequately treated at his institution of confinement. (ECF No. 56 at 1-2.) The medical records from that institution submitted by his counsel, however, do not lend support to any

---

[3] Given the record in this case, defendant's claims with respect to the medical conditions from which he suffers and their severity may be subject to some question. (*See* ECF No. 31.)

4

suggestion that defendant's ability "to provide self-care within the environment of a correctional facility" has been substantially diminished. U.S.S.G. § 1B1.13 cmt. n.4. Indeed, the one–page record submitted to date paints an unremarkable picture in that regard and at least suggests that the defendant is receiving medical treatment. (See ECF No. 62-1.) Finally, as one district court has observed:

> To be faithful to the statutory language requiring "extraordinary and compelling reasons," it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.

*Weidenhamer*, 2019 WL 6050264, at *5; *see also United States v. Allen*, No. 2:17-CR-0229-TOR-12, 2019 WL 6529113, at * (E.D. Wash. Dec. 4, 2019).

## CONCLUSION

Given the minimal support for the motion before the court at this time and in light of the applicable standards set out above, the undersigned concludes that defendant has not established the existence of "extraordinary and compelling reasons" sufficient to justify his release. Accordingly, the court declines to exercise its discretion to grant the requested relief and will deny defendant's motion (ECF No. 56) without prejudice to its renewal, if appropriate, following proper exhaustion of administrative remedies and based upon a fully supported record with respect to his medical conditions and their impact, if any, on his ability to provide self-care within the environment of a correctional facility.

IT IS SO ORDERED.

Dated: **February 11, 2020**

UNITED STATES DISTRICT JUDGE